UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PIERRE MOISE,

                Plaintiff,

      -against-

GENERATION PLUS,

                Defendant.

-------------------------------------------------------------X

**ORDER**

**10-CV-4020 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 30, 2010, pro se Plaintiff Pierre Moise ("Moise") brought this claim for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Defendant Generation Plus Health Network, which is part of Metropolitan Hospital Center in New York, New York. (Compl. (Docket Entry # 1).) On September 3, 2010, Moise's motion to proceed in forma pauperis was granted. (Docket Entry # 3.)

Moise alleges that he was fired for surreptitiously buying a parking permit from another employee and for subsequently lying about that purchase in an ensuing investigation. (Compl. at 6.) Though Moise, who is Haitian, asserts no facts indicating that any discrimination played a part in those events, he nevertheless alleges that he was the victim of discrimination on the basis of his national origin. (Id. at 3.)

On March 4, 2011, the New York City Law Department (the "City"), which represents Defendant, filed a letter with the court, requesting a pre-motion conference. (Docket Entry # 10.) The City indicated that it planned to move to dismiss based on Moise's failure to allege facts sufficient to support a discrimination claim. (Id. at 1-2.) The City also stated that it planned to move to dismiss based on the service of the Complaint on February 7, 2011—beyond

1

the 120-day period from the Complaint's filing required by Federal Rule of Civil Procedure 4(m).[1] (Id. at 2; see also Summons Served Feb. 7, 2011 (Docket Entry # 11).)

On September 22, 2011, the court held a pre-motion conference. (Docket Entry Sept. 22, 2011.) Despite having been informed of the conference, Moise failed to appear. (Id.) At the conference, the court concluded on the record that Moise's Complaint was frivolous, and that the case would be dismissed without prejudice based on Moise's failure to prosecute the case, his failure to allege facts indicating discrimination, and the untimely service of his Complaint. (Id.)

Under 28 U.S.C. § 1915(e)(2)(B), the court is required to dismiss in forma pauperis cases such as this one "at any time" if it determines that the action "(i) is frivolous or malicious; or (ii) fails to state a claim on which relief may be granted." The Second Circuit has cautioned that "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once *when a liberal reading of the complaint gives any indication that a valid claim might be stated.*" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (emphasis added). Here, there does not appear to be any "indication that a valid claim might be stated." Because, given the insufficiency of the allegations and the late service of process, Moise does not appear to be able to state a claim, the Complaint is dismissed. In light of Moise's pro se status, it is dismissed without prejudice to refile.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 5, 2011

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] That rule states: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."